UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KINETIC FUEL TECHNOLOGY, INC.,

                              Plaintiff,        **REPORT AND**
                                                    **RECOMMENDATION**

v.

TOTAL FUEL SOLUTIONS LLC                  16-CV-00020-EAW-JJM
d/b/a SENTRY FUEL TREATMENTS,
GEORGE R. FARLEY d/b/a
GRF DISTRIBUTION,
THE PLEXXUS GROUP IV, LLC, and
JOHN J. CARR,
                              Defendants.
_____

        This case has been referred to me by Hon. Elizabeth A. Wolford for supervision of all pretrial proceedings, including the preparation of a report and recommendation on dispositive motions [9].[1]  Before me is the unopposed motion of plaintiff Kinetic Fuel Technology, Inc. ("Kinetic") for a preliminary injunction against defendant George R. Farley d/b/a GRF Distribution (collectively "GRF") [17].  For the following reasons, I recommend that the motion be granted.

**BACKGROUND**

        This action was originally commenced by Complaint filed in New York State Supreme Court, County of Niagara, and was removed to this Court on January 7, 2016. Although the Complaint only named defendant Total Fuel Solutions LLC, d/b/a Sentry Fuel Treatments (collectively "Total Fuel"), Kinetic has since filed an Amended Complaint on January 27, 2016 adding defendants GRF, the Plexxus Group IV, LLC, and John Carr [13].

---

[1]     Bracketed references are to the CM/ECF docket entries.

The Amended Complaint alleges that Kinetic is the owner, manufacturer, and producer of K-100 Fuel Treatments - proprietary formulations developed to, *inter alia*, eliminate water in fuels. [13], ¶11.  Kinetic allegedly has used the phrase "We Make Water Burn" to identify its K-100 products since the early 1990s, and officially registered that phrase with the United States Patent and Trademark Office on June 2, 2015 (id., ¶¶53, 61).  Farley was allegedly an independent sales representative for Kinetic from 2004 to 2013 (id., ¶¶25-28).  Thereafter, GRF allegedly began selling similar Sentry Fuel Treatments to Kinetic's customers using the phrase "We Make Water Burn" on its website and in its promotional materials (id., ¶¶29-32, 65-68).  The Amended Complaint alleges that GRF's conduct violates, *inter alia*, the Lanham Act (15 U.S.C. §§1114 and 1125) and seeks to enjoin GRF from using its trademark.  Amended Complaint [13], ¶¶83-95.

At a January 28, 2016 conference with Kinetic and defendant Total Fuel, I directed Kinetic to serve the newly added defendants with the Amended Complaint, its anticipated preliminary injunction motion, and to include in its notice of motion that responses to the preliminary injunction were to be filed by February 22, 2016.  January 29, 2016 Text Order [16]. Consistent with that directive,  Kinetic filed its motion for a preliminary injunction [17] on January 29, 2016, seeking to prohibit defendants from using its trademark.[2]  It has also since filed an Affidavit of Service indicating that the Summons, Amended Complaint and preliminary injunction motion  were served on GRF by substitute service on February 2, 2016 [20].  Notwithstanding that GRF has been properly served with the Amended Complaint and preliminary injunction  motion  (*see* Fed. R. Civ. P. ("Rule") 4(e)(1); NY CPLR §308(2)), to

---

[2]     The remaining defendants have consented to the entry of preliminary injunctions against them [25, 27].

date, no appearance has been entered on its behalf, and it has submitted no response to the preliminary injunction motion.

## ANALYSIS

"A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction". Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015). Although Kinetic's motion is unopposed, I will briefly address each of these factors based upon Kinetic's undisputed submissions.

**A.    Likelihood of Success on the Merits**

"In order to prevail on a claim for trademark infringement under . . . the Lanham Act . . . a plaintiff is required to show that its marks are valid and entitled to protection and that a defendant's use of those marks is likely to cause consumer confusion as to the origin or sponsorship of the defendant's goods." JA Apparel Corp. v. Abboud, 682 F. Supp. 2d 294, 308 (S.D.N.Y. 2010).[3] Here, it is undisputed that "We Make Water Burn" is a trademark registered to Kinetic (Fragle Affidavit [17-2], ¶23) and that GRF's website uses the identical phrase to sell

---

[3] "The elements required . . . to succeed on . . . claims under Section 32 of the Lanham Act, (15 U.S.C. §1114) and under Section 43(a) of the Lanham Act, (15 U.S.C. §1125(a)) are substantially the same." Bambu Sales, Inc. v. Inter-American Distributors, Inc., 1992 WL 717811, *7 n.2 (E.D.N.Y. 1992).

similar and competing Sentry Fuel Treatments. [17-4], pp. 17-35 of 43. There being no defenses put forth by GRF, this factor weighs in Kinetic's favor.

**B.    Irreparable Harm**

"The most important prerequisite to issuing a preliminary injunction is irreparable harm." Veramark Technologies, Inc. v. Bouk, 10 F. Supp. 3d 395, 400 (W.D.N.Y. 2014) (Wolford, J.). "[T]o satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009). Here, it is undisputed that GRF's conduct has caused it to lose customers. Thompson Affidavit [17-3], ¶23. Therefore, this factor weighs in favor of Kinetic.

**C.    Balance of Hardships**

Since GRF has submitted nothing to indicate that the issuance of a preliminary injunction would cause it any hardship, this factor weighs in favor of Kinetic.

**D.    Public Interest**

"[T]he public interest is best served by removing confusingly similar marks so that the public can more freely access the parties' products". Bulman v. 2BKCO, Inc., 882 F. Supp. 2d 551, 566 (S.D.N.Y. 2012). Therefore, this factor also weighs in favor of Kinetic.

Since all of the factors weigh decidedly in favor of Kinetic, I conclude that Kinetic's undisputed submissions sufficiently demonstrate its entitlement to a preliminary injunction against GRF.

**CONCLUSION**

For these reasons, I recommend that Kinetic's motion for a preliminary injunction against GRF [17] be granted. Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the clerk of this court by March 24, 2016 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Wolford. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 7, 2016

                                        <u>/s/ Jeremiah J. McCarthy</u>
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge