UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KINETIC FUEL TECHNOLOGY, INC.


                         Plaintiff,

        v.

TOTAL FUEL SOLUTIONS LLC                        Civil No. 1:16-cv-00020
d/b/a SENTRY FUEL TREATMENTS

GEORGE R. FARLEY d/b/a
GRF DISTRIBUTION

THE PLEXXUS GROUP IV, LLC

JOHN J. CARR
                         Defendants.

_____


### CONFIDENTIALITY STIPULATION AND ORDER

        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this

Confidentiality Stipulation and Order upon the request of Plaintiff Kinetic Fuel Technology, Inc.

and Defendants The Plexxus Group IV, LLC and John J. Carr (hereinafter, the "parties") for the

purpose of assuring the confidentiality and protection of certain confidential and proprietary

information that may be disclosed by the parties or by any third party to any of the parties in

the course of discovery in this action.

        1.      As used in this Confidentiality Stipulation and Order, the term "Confidential

Information" includes any material or information that is disclosed by any party, or by a third

party to any party, in the course of discovery in this action that is deemed in good faith by the

disclosing party (or a party to this action if the disclosing party is a third party) to be

confidential or proprietary, and that has been designated as "Confidential" or "Attorney's Eyes

1

Only" in one or more of the following ways:

(a)     information set forth in an answer to a request for documents, a subpoena, an interrogatory or request for admission may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Attorney's Eyes Only";

(b)     information contained in any document, summary or part thereof may be so designated by making the word "Confidential" or "Attorney's Eyes Only" on the document and all copies of it delivered to counsel for the receiving party, or by giving written notice to counsel for the receiving party, describing the document or part thereof either specifically or by category; and

(c)     information contained in an answer to any question asked during an oral deposition may be designated "Confidential" or "Attorney's Eyes Only" by a statement made on the record during the course of the deposition on the same day that the answer is given or by a writing served by first class mail or overnight delivery within ten (10) business days after the designating party receives the deposition transcript.

(d)     information contained in documents produced in response to a subpoena duces tecum served upon a non-party to this action may be designated "Confidential" or "Attorney's Eyes Only" by a party to this action upon written notice to counsel for the receiving party.

2.     Confidential Information designated as "Confidential" that is disclosed by either party or by a third party to any party during the course of discovery in this action:

(a)     shall only be used by the parties to this action, their counsel, any independent expert witnesses and advisors and consulting firms retained by a party to this action in connection with the prosecution and defense of this action and for no other purpose;

(b)     shall not be published to the general public in any form by any party to this

action, their counsel, or any independent expert witnesses, advisors and consulting firms retained by a party to this action, nor used by any party to this action, their counsel, or any independent expert witnesses, advisors and consulting firms retained by the receiving party for any business or commercial purpose; and

(c)     may be disclosed by counsel to the parties to this action only to the following persons insofar as it is reasonably necessary to the prosecution or defense of this action:

(i)     attorneys of record for the parties to this action, including any attorneys employed by a law firm of record that represents a party;

(ii)     secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

(iii)     the receiving party or independent expert witnesses, advisors and consulting firms retained by a party in connection with this action;

(iv)     technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consulting firms of a party;

(v)     court reporters or stenographers engaged to record deposition testimony, and their employees;

(vi)     such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party pursuant to the provisions of Paragraph 6, below.

3.     Confidential Information designated as "Attorney's Eyes Only" that is disclosed by either party or by a third party to any party during the course of discovery in this action:

(a)     shall be used only by counsel for the parties to this action, and any independent expert witnesses, advisors and consulting firms retained by a party only for purposes of this action;

(b)     shall not be disclosed to the parties to this action themselves or to their

employees, officers or directors; and

   (c)  shall not be published to the general public in any form or used for any business or commercial purposes by the any party to this action.

   (d)  shall be disclosed by counsel for a party to this action only to the following persons insofar as it is reasonably necessary to the defense of this action:

     (i)  attorneys of record for a party to this action, including any attorneys employed by a law firm of record that represents a party;

     (ii)  secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

     (iii)  independent expert witnesses, advisors and consulting firms retained by a party in connection with this action;

     (iv)  technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consulting firms of a party;

     (v)  court reporters or stenographers engaged to record deposition testimony, and their employees; and

     (vi)  such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party pursuant to the provisions of Paragraph 6 below.

   4.  The use of the designation "Attorney's Eyes Only" shall be made only upon a good-faith assessment that the material covered by such designation represents confidential commercial information of such a sensitive nature that its dissemination cannot adequately be covered by the protections set forth in paragraph 2 above.

   5.  Nothing in this Confidentiality Stipulation and Order shall preclude a disclosure of information to any person who authored, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the date of entry of this Stipulation

and Order, or participated in the creation, compilation or production of such information.

6.      In the event that any party desires that information designated as "Confidential" or "Attorney's Eyes Only" be disclosed, communicated, discussed, or made available to any person not otherwise authorized by this Confidentiality Stipulation and Order, the party wishing to disclose, communicate, discuss, or make available such information must submit to counsel for the designating party a written notice specifically identifying the information to be disclosed, and the name, title, and business relationship of the persons to whom counsel wishes to make such disclosure. Counsel for the designating party shall have 15 days from the date of receipt of the notification to object to the disclosure to any person identified therein. If counsel for the designating party does not respond in writing to the written notice of disclosure within 15 days after receipt thereof, the persons named in the notice, subject to the terms and conditions of this Confidentiality Stipulation and Order, shall be entitled to receive the information specified in the notice, but no other materials subject to this Confidentiality Stipulation and Order. If any counsel for the designating party responds and objects to the disclosure request, and the parties subsequently are unable to agree on the terms and conditions of the requested disclosure, the party seeking disclosure may file a motion or letter with the Court, served on counsel for all other parties, setting forth the basis for seeking such disclosure, in which case, the requested disclosure shall only be made upon such terms as the Court shall provide.

7.      A copy of this Confidentiality Stipulation and Order, together with the Acknowledgment agreeing to be bound by its terms in the form annexed hereto as Exhibit A, shall be delivered to each person within category 3 of paragraphs 2(c) and 3(d) above to whom disclosure of Confidential Information will be made. The provisions of this Confidentiality Stipulation and Order shall be binding upon each such person to whom

disclosure is made. Counsel for the non-disclosing party shall obtain and retain a signed copy of said Acknowledgment before any such person receives any Confidential Information.

8.    Secondary documents, including but not limited to, notes, memoranda, analyses and briefs that are prepared from any materials described herein that contain Confidential Information shall be treated in the same fashion as the underlying materials.

9.    If any party disputes the designation of information as "Confidential" or "Attorney's Eyes Only," the party disputing the designation shall serve counsel for the designating party a written notice specifically identifying the challenged designated and the factual and legal basis for the challenge. Counsel for the designating party shall have 15 days from the date of receipt of the notification to respond to the challenge. If counsel for the designating party does not respond in writing to the written notice of challenge of designation, then the party seeking to remove the designation may request relief from the Court upon notice to counsel for all parties. Until the Court resolves the dispute, all materials designated as "Confidential" or "Attorney's Eyes Only" shall be treated according to their designation. The party in whose favor such application or motion is resolved by the Court may, in the Court's discretion, be entitled to recover attorneys' fees and costs incurred in connection with such application or motion.

10.    The provisions of this Confidentiality Stipulation and Order shall not be construed as preventing:

(a)    any disclosure of Confidential Information by the parties designating the information as such in any such other action; or

(b)    any disclosure of Confidential Information to any judge, law clerk or employee of this Court for purposes of this action.

11.     Before filing with the Court *any* pleading, motion, application, memorandum of law, or other paper that in any manner quotes, paraphrases, attaches as an exhibit or otherwise discloses information that has been designated by another party as Confidential Information, the party that intends to file such pleading, motion, application, memorandum of law or other paper, shall do so under seal or provide counsel for the designating party 15 days prior written notice specifically identifying the Confidential Information intended to be disclosed so that the designating party may make a sealing application to the Court pursuant to Local Rule 5.3 if the designating party deems that one is necessary.  By way of this Order, the Court authorizes all parties to file documents and other information designated as confidential and/or "Attorney's Eyes Only" pursuant hereto under seal.

12.     The inadvertent production of information or documents by either party or by a third party to any party for inspection and copying shall not itself be deemed to waive any claim of attorney-client privilege, or attorney work product protection that might exist with respect to such document or other documents or communication, written or oral, including with limitation, other communications referred to in the documents or information produced.

13.     In the event any Confidential Information of a party or a third party is the subject a subpoena or court order requiring its disclosure, the recipient of the subpoena or court order will provide immediate notice to the disclosing party through its counsel. The recipient of the subpoena or court order shall not object to the disclosing party's appearance to protect its interest in maintaining the information as confidential. The recipient of the subpoena or court order will not respond to any such subpoena or court order until the disclosing party has a reasonable opportunity to seek appropriate relief from the Court, including but not limited to, a motion for a protective order.

14.     Nothing in this Confidentiality Stipulation and Order shall preclude a party from

offering "Confidential" and/or "Attorney's Eyes Only" information into evidence at the trial of this action.

15.     Information received from persons or entities not a party to this action may be designated as "Confidential" or "Attorney's Eyes Only" by a party to this action. Inadvertent disclosure of any document or information shall not operate as a waiver of confidentiality, and any party inadvertently disclosing such information without first designating the information as "Confidential" or "Attorney's Eyes Only" may do so upon learning of the disclosure. However, any dissemination or disclosure of such later-designated information shall not be deemed a violation of this Confidentiality Stipulation and Order until the information is designated as "Confidential" or "Attorney's Eyes Only."

16.     Nothing in this Confidentiality Stipulation and Order shall be deemed to limit or constitute a waiver of any Party's right to object to the production of any information on the basis of privilege or for any other reason provided under applicable federal or state law.

17.     All discovery materials, including, but not limited to, discovery material designated as "Confidential" and/or "Attorney's Eyes Only," and all copies thereof shall be either destroyed or returned to the disclosing party or its counsel, per the disclosing party's instructions within, thirty (30) days of the conclusion of this litigation including any appeals. Counsel for the receiving party discovery materials shall certify in writing to counsel for the disclosing party that said discovery materials have been destroyed or returned per the disclosing party's instructions, or otherwise disposed of as ordered by the Court, within thirty (30) days of the conclusion of this litigation including any appeals.  A party and its counsel of record need not destroy or return "Confidential" or "Attorney's Eyes Only" materials incorporated in materials filed with the Court, subject to the terms of this Confidentiality Stipulation and Order.  Counsel of record need not destroy or return "Confidential" or

"Attorney's Eyes Only" materials incorporated in work product retained solely by counsel, provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose each work product to any person except pursuant to a court order or agreement by the disclosing party or as otherwise required by law.

Date: 5-17-16

Charles C. Ritter, Esq.
Duke Holzman Photiadis & Gressens LLP
*Attorneys for Plaintiff Kinetic Fuel Technology, Inc.*
701 Seneca Street, Suite 750
Buffalo, New York 14210

Date: 5/13/2016

Daniel B. Moar, Esq.
Goldberg Segalla
*Attorneys for Defendants*
*The Plexxus Group IV, LLC and*
*John J. Carr*
665 Main Street, Suite 400
Buffalo, New York 14203

**SO ORDERED.**

_____
Hon. Jeremiah J. McCarthy

Dated:      Buffalo, New York
            May ___, 2016

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KINETIC FUEL TECHNOLOGY, INC.


                              Plaintiff,

        v.

TOTAL FUEL SOLUTIONS LLC                    Civil No. 1:16-cv-00020
d/b/a SENTRY FUEL TREATMENTS

GEORGE R. FARLEY d/b/a
GRF DISTRIBUTION

THE PLEXXUS GROUP IV, LLC

JOHN J. CARR
                         Defendants.

---

### A G R E E M E N T   T O   B E   B O U N D   B Y
CONFIDENTIALITY STIPULATION AND PROPOSED ORDER

I, _____ declare:

1.    I am over the age of 18 years and have personal knowledge of the
      hereafter-stated facts.


2.    My address is _____

      _____


3.    My present employer is _____
      and the address of my present employer is_____

      _____

4.      My present occupation or job description is_____

_____

5.      I have received a copy of the Confidentiality Stipulation and Proposed Order ("Order") in this action.

6.      I have carefully read and understand the provisions of the Order.

7.      I hereby agree to be bound by the terms and conditions of this Order.

8.      During the pendency and after final termination of this action and any related proceedings, I will hold in confidence and not disclose to anyone not qualified under the Order any "Confidential Information" *(as* such terms are defined in the Order) disclosed to me. I also agree to be subject to the personal jurisdiction of the United States District Court for the Western District of New York with regard to any proceedings relating to the enforcement of the Order.

9.      I understand that any breach of this agreement may subject me to an action for civil damages and other relief arising therefrom.

I declare under penalty of perjury under the laws of the United States that the foregoing *is* true and correct and that this Declaration was executed on  _ 201__ at

_____

_____

[Print Name]

_____

[Signature]

13